**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| NILMA QUILES-MARTINEZ | * |
| Plaintiff | * |
| v. | *   Civil No. 03-1272 (SEC) |
| VICTOR RIVERA-HERNANDEZ, et al. | * |
| Defendants | * |

**OPINION AND ORDER**

Before the Court is Defendants' motions for summary judgment (Dockets ## 70, 80 & 82). Plaintiff filed one opposition to all three motions (Docket # 94). Defendants filed reply briefs (Dockets ## 97 & 101). The Court then referred this case to Magistrate-Judge Justo Arenas for a Report and Recommendation (Docket # 102).[1] On August 23, 2005 Magistrate Arenas issued his report, recommending that: (1) Defendants' motions for summary judgment be granted in their entirety, (2) Plaintiff's Section 1983 claims for political discrimination and retaliation be dismissed with prejudice, and (3) Plaintiff's supplemental law claims under the laws of the Commonwealth of Puerto Rico be dismissed without prejudice (Docket # 105). None of the parties have filed objections to the Magistrate's Report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation. Accordingly, the Court will **GRANT** Defendants' motions for summary judgment.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States

---

[1] Although the Court initially only referred to the Magistrate Co-defendants' motions for summary judgment in Dockets ## 78 & 80, considering that Plaintiff filed one opposition to all summary judgment motions pending at the time (including Co-defendant Juan L. Martínez-Martínez's motion), the Magistrate reviewed and made recommendations as to all pending motions. The parties were so informed by the Magistrate in Docket # 105.

**Civil No. 03-1272(SEC)**                                                                                                         2

Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Civil No. 03-1272(SEC)** 3
_____

**Analysis**

None of the parties have objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Arenas's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Defendants' motions for summary judgment are **GRANTED**. Accordingly, Plaintiff's Section 1983 claims against all Defendants will be **DISMISSED WITH PREJUDICE**. Plaintiff's supplemental law claims under the laws of the Commonwealth of Puerto Rico will be **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of September, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge